UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MONIQUE EPPERSON,

Plaintiff,

v.

WYNN LAS VEGAS,

Defendant.

Case No. 2:25-cv-02169-APG-EJY

**ORDER**

Pending before the Court is Monique Epperson's Application to Proceed *in forma pauperis* ("IFP") and Complaint for Employment Discrimination and Retaliation. ECF Nos. 2, 2-1. The IFP application is complete and granted below. The Complaint is screened under 28 U.S.C. § 1915.

**I.     Screening Standard**

When screening a complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

1

A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.    Plaintiff's Complaint

Plaintiff's Complaint is comprised of 110 paragraphs of background and facts in support of seven causes of action. Rather than summarize all factual paragraphs, the Court discusses the facts as applicable to each claim raised.

Exhausting administrative remedies by filing a timely charge with the EEOC or the appropriate state agency (here, the Nevada Equal Rights Commission), naming the defendant, is a statutory prerequisite for an employee to pursue litigation under Title VII of the 1964 Civil Rights Act based on sex discrimination, under the Americans with Disabilities Act (the "ADA"), and for retaliation. *Lyons v. England*, 307 F.3d 1092, 1103 (9th Cir. 2002) ("a plaintiff is required to exhaust his or her administrative remedies before seeking adjudication of a Title VII claim"); 42 U.S.C. § 12117(a). Plaintiff states she filed a charge with the EEOC and/or NERC "alleging sex, disability, wage discrimination, and retaliation." ECF No. 2-1 ¶ 108. Plaintiff further demonstrates she received a Notice of Right to Sue letter dated July 23, 2025 and filed this action on November 4, 2025. ECF Nos. 2 at 1; 2-1 ¶ 109. Thus, Plaintiff's Complaint appears facially timely.

a.    Plaintiff's Sex Discrimination Claim.

Plaintiff alleges she was discriminated against in the terms and conditions of her employment because men were paid higher wages than she was, she was subjected to multiple suspensions, and was ultimately terminated. ECF No. 2-1 ¶ 111. Efforts to support this claim appear in paragraphs 22, 29, 35, and 39 of the Complaint. Paragraph 22 vaguely alleges that at an unknown time a male employee, in the same position performing the same duties, was compensated for being a tip committee representative; paragraph 29 alleges "Plaintiff inform[ed] … Defendant of pay discrepancy for Superbowl … February 11, 2023 on March 4, 2023"; paragraph 35 states "Plaintiff … received less pay as her male coworker performing the same duties on Superbowl [Sunday],

February 11, 2024"; and, paragraph 39 contends "Plaintiff … received less compensation than the other male coworker who performed the same duties on March 22 and March 23, 2024."

What confuses the Court is that Plaintiff is an employee whose terms and conditions of employment are governed by a collective bargaining agreement ("CBA") between the union and the employer. *See*, for example, *Id*. ¶¶ 45, 51. Generally, Plaintiff's wages would be set by the CBA. *See Jacobs v. Mandalay Corp*, 2:08-cv-0640-RLH-LRL, 2008 WL 11384198, at *1 (D. Nev. Dec. 8, 2008) ("The terms of his employment are governed by a collective bargaining agreement between Defendant and the Culinary Workers Union Local No. 226 and the Bartenders Union, Local No. 165"). Thus, the Court finds it implausible that Plaintiff's wage was less than a male coworker's wage based on sex; rather, the difference in wages, if any, was undoubtedly based on seniority or other neutral factors established under the CBA.

Nonetheless, to state a *prima facie* case of sex discrimination in violation of Title VII Plaintiff must allege facts demonstrating: (a) she belongs to a protected class; (b) she was qualified for the job for which she was hired; (c) she was subjected to an adverse employment action; and (d) similarly situated employees not in her protected class received more favorable treatment. *Shepard v. Marathon Staffing, Inc.*, 2014 U.S. Dist. Lexis 76097, at *5 (D. Nev. June 2, 2014) (citing *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir. 2006)); 42 U.S.C. § 2000e–2(a) (establishing it unlawful "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's … sex …"). Facially, Plaintiff states this claim. Plaintiff avers on at least one occasion, which appears to fall within 300 days of the date she likely filed a charge of discrimination,[1] she was paid less than a similarly situated male coworker for the same work and the difference was because of her sex. Thus, Plaintiff's sex discrimination claim may proceed.

---

[1] *See* paragraph 39. "Before a plaintiff may file a Title VII … suit in federal court, she must first file a charge with the EEOC. Additionally, Plaintiff's charge must be filed with the EEOC within 300 days after the alleged unlawful practice occurred." *Bond v. Wells Fargo Bank NA*, Case No. CV-21-00830-PHX-JJT, 2021 WL 5850877, at *3 (D. Ariz. Dec. 9 2021) (internal citations and quote marks omitted).

b.      Plaintiff's Failure to Accommodate Claim Under the ADA.

Plaintiff alleges she is a qualified individual with a disability who can perform the essential functions of her job with a reasonable accommodation. ECF No. 2-1 ¶ 112. Plaintiff further says Defendant failed to provide her with a reasonable accommodation. *Id*. ¶ 113. Plaintiff claims she informed Defendant that she suffers from PTSD and severe anxiety in 2021 (*id*. ¶ 12) and, at some unknown time, she requested the "accommodation including schedule adjustments …." *Id*. ¶ 59. Plaintiff avers she was denied an accommodation on February 27, 2025 for her FMLA. *Id*. ¶ 67. Plaintiff contends she attended a June 26, 2025 fact finding hearing with the EEOC that included discussion of her request for a reasonable accommodation suggesting that this claim was timely raised and treated as a request under the ADA. *Id*. ¶ 79.

To establish a *prima facie* case of discrimination for failing to provide a reasonable accommodation under the ADA, a plaintiff must show that (1) she is disabled within the meaning of the ADA, (2) she is a qualified individual able to perform the essential functions of the job with reasonable accommodation, and (3) she suffered an adverse employment action because of her disability. *LeBarron v. Interstate Grp., LLC*, 529 F. Supp.3d 1163, 1171-72 (D. Nev. Mar. 26, 2021). Plaintiff pleads sufficient facts to facially state she is disabled within the meaning of the ADA by virtue of her alleged PTSD and severe anxiety. Plaintiff asserts she is able to perform the functions of her job with a reasonable accommodation pertaining to her scheduling, and Plaintiff claims her suspension and termination were motivated by her disability. ECF No. 2-1 ¶ 97. Given the totality of the facts alleged, and liberal construction the Court must apply to a *pro se* plaintiff complaint, the Court finds Plaintiff states a claim for failure to accommodate under the ADA.

c.      Plaintiff's Equal Pay Act Claim.

To state a claim for relief under the Equal Pay Act ("EPA") Plaintiff must plead a *prima facie* case by alleging Defendant pays different wages to employees of the opposite sex (here, men) for substantially equal work. *Corning Glass Works v. Brennan*, 417 U.S. 188, 195 (1974). To be "substantially equal," the jobs need not be identical, but must require similar skills, effort, and responsibility performed under similar conditions. 29 U.S.C. § 206(d); *Gunther v. County of Washington*, 623 F.2d 1303, 1309 (9th Cir. 1979), *aff'd on other grounds*, 452 U.S. 161, (1981).

A two year statute of limitations applies to violations of the Equal Pay Act that are not "willful." 29 U.S.C. § 216. A three-year statute of limitations applies to "willful" violations. *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 135 (1988); 29 U.S.C. § 255(a). An employer may commit a "willful" violation without "knowingly" violating the statute. *Alvarez v. IBP, Inc.*, 339 F.3d 894, 908-09 (9th Cir. 2003), *aff'd*, 546 U.S. 21 (2005). That is, the three-year statute of limitations applies if the employer "disregarded the very 'possibility' that it was violating the statute." *Id.* at 909 *(citing Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 141 (2nd Cir. 1999)).

Here, Plaintiff does not allege a willful violation of the EPA, but sporadic events at which she claims she was paid less than her male counterparts for substantially similar work. Plaintiff pleads no facts demonstrating Defendant disregarded the possibility that it was violating the EPA. Thus, the Court construes Plaintiff's claim as, at best, arising under the two year statute of limitations. Plaintiff filed her Complaint on November 4, 2025, establishing the two year lookback period as commencing on November 5 2023. Plaintiff alleges a violation of the EPA on February 11, 2024. ECF No. 2-1 ¶ 35. Albeit a single timely event, this is sufficient to state a claim under the EPA. *O'Donnell v. Vencor, Inc.*, 465 F.3d 1063, 1068 (9th Cir. 2006) *citing Bazemore v. Friday*, 478 U.S. 385, 395 (1986) (Brennan, J., concurring in part, joined by all other members of the Court). Based on the foregoing, Plaintiff may proceed with this claim.

d.   Plaintiff's Family and Medical Leave Act Claim.

Plaintiff says she "filed for FMLA paperwork due to hostile work environment on August 14, 2024." ECF No. 2-1 ¶ 47. Plaintiff further alleges she filed a complaint with the Department of Labor regarding denial of her FMLA claim on September 23, 2024. *Id.* ¶ 52. Plaintiff submits she was "harassed and stalked by a male coworker on December 3, 2024" and "left work" using her FMLA leave. *Id.* ¶ 61. Otherwise, Plaintiff claims she requested a "reasonable accommodation" under the FMLA, which Defendant refused to grant, receiving notification of this refusal on February 27, 2025. *Id.* ¶¶ 59, 67. Further, and despite stating she took FMLA leave on December 3, 2024, Plaintiff claims her FMLA was denied as untimely on August 22, 2025. *Id.* ¶ 83. In her claim for relief, Plaintiff states only that "Defendant interfered with … [her] right to take protected leave and retaliated against her for attempting to exercise FMLA rights." *Id.* ¶ 115.

5

To state a claim for FMLA interference, a plaintiff must allege: (1) she is an eligible employee; (2) her employer is covered under the FMLA; (3) she was entitled to take leave; (4) she gave notice of her intention to take leave; and (5) Defendant denied her the benefits to which she was entitled under the FMLA. *Sanders v. City of Newport*, 657 F.3d 772, 778 (9th Cir. 2011). However, there is no duty to accommodate under the FMLA. *Clemens v. Avis Rent A Car System, LLC*, Case No. CV-11-0043-WFN, 2011 WL 5239212, at *3 (E.D. Wash. Nov. 1, 2011) ("the Court recognizes that accommodation is not required under FMLA").

Plaintiff's allegations are unclear and leave the Court unsure what it is she is asserting. For example, Plaintiff admits to taking FMLA in December 2024, but then claims her leave was denied as untimely in August 2025. Are these two different FMLA requests—one granted and one denied? The mere denial of FMLA in August 2025 would not state a claim in the absence of facts evidencing Plaintiff was eligible for leave at that time and the denial otherwise violated the FMLA. Indeed, if Plaintiff had exhausted her FMLA entitlement and, therefore, was not eligible for leave in August 2025, there would be no violation. Moreover, while a reduced schedule may be required under the FMLA (*see* 29 CFR § 825.202(b)), this form of FMLA leave requires "a medical need … and it must be that such medical need can be best accommodated through an intermittent or reduced leave schedule." *Id*. Plaintiff does not plead these facts.

Accepting facts stated by Plaintiff as true and construing her Complaint broadly, the Court finds Plaintiff does not state an FMLA claim. However, Plaintiff, proceeding *pro se*, may be able to do so if given an opportunity to amend. Accordingly, the Court finds Plaintiff may not proceed on her FMLA claim as presently pleaded, but leave to amend is granted below.

e.    Plaintiff's Claim of Retaliation.

To state a claim for retaliation Plaintiff must allege: (1) she engaged or was engaging in activity protected under Title VII, the ADA, or the EPA, (2) the employer subjected Plaintiff to an adverse employment decision, and (3) there was a causal link between the protected activity and the employer's action. *Cohen v. Fred Meyer, Inc.*, 686 F.2d 793, 796 (9th Cir. 1982).[2] Plaintiff alleges

---

[2]    "Title VII prohibits retaliation against an individual for opposing any practice made unlawful by Title VII of the Civil Rights Act, the Equal Pay Act, the Age Discrimination in Employment Act, the Rehabilitation Act, or for participating in any stage of administrative or judicial proceedings under these statutes. *See* 42 U.S.C. § 2000e–2(a); 29

she engaged in protected activity on November 5, 2022, November 13, 2022, April 11, 2023, April 14, 2024, May 4, 2024, October 21, 2024, and February 28, 2025.  ECF No. 2-1 ¶¶ 27, 28, 29, 30, 41, 43 56, 68.  These protected activities addressed unequal pay, hostile work environment, disability, discrimination, and harassment.  *Id*.  Plaintiff further states that her "suspensions and termination were motivated by her [s]ex, her disability, and her protected complaints about discrimination and equal pay, as well as her protected activity …."  *Id*. ¶ 97.  More specifically, Plaintiff alleges, *inter alia*, she was disciplined on: March 18, 2022 (*id*. ¶ 18); February 26, 2024 (id. ¶ 38); May 9, June 9, July 30, August 31, September 20, 2024 (*id*. ¶ 44); tripped by a male coworker and fell on the bar mats on April 4, 2025 (*id*. ¶ 70); disciplined on May 2, June 8, and June 25, 2025 (*id*. ¶ 74); "returned to work after missing eight working days on June 20, 2025 with a last and final for discipline" (*id*. ¶ 78); and terminated on October 30, 2025 (*id*. ¶ 93).  Plaintiff says her discipline and termination were motivated by her protected activity and, more specifically, by her "sex, … disability, and … protected complaints about discrimination and equal pay."  *Id*. ¶¶ 96-97.  *See also id*. ¶ 117.  Plaintiff repeatedly states that no other employee was disciplined for the same activities she was disciplined for, and ties some (but not all) to complaints made to her employer.

All allegations appearing in Plaintiff's Complaint are not repeated here; however, the Court finds Plaintiff alleges sufficient facts to facially state a causal connection between protected activity and adverse actions.  Accordingly, the Court allows Plaintiff's retaliation claim to proceed.

      f.     Plaintiff's Hostile Work Environment Claim.

To state a hostile work environment claim under Title VII of the 1964 Civil Rights Act Plaintiff must plead facts demonstrating (1) she was "subjected to verbal or physical conduct of a harassing nature, (2) the conduct was unwelcome, and (3) the conduct was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment."  *Kortan v. Cal. Youth Auth.*, 217 F.3d 1104, 1109-10 (9th Cir. 2000) (internal citation and quotation marks omitted).  Assuming Plaintiff seeks to also plead a retaliation claim under the

---

C.F.R. § 1614.101(b)."  *Klat v. Mitchell Repair Information Co., LLC*, Case No. 10-cv-0100 JM (CAB), 2010 WL 1028157, at *2 (S.D. Cal. Mar. 18, 2010).

ADA and that the Ninth Circuit would recognize such a claim,[3] she must demonstrate: "(1) she is a qualified individual with disability; (2) she suffered from unwelcome harassment; (3) the harassment was based on her disability or a request for accommodation; (4) the harassment was sufficiently severe or pervasive to alter the conditions of her employment and to create an abusive working environment; and (5) Defendants knew or should have known of the harassment and failed to take prompt remedial action." *Bos v. Sparks Tribune, LLC*, Case No. 3:09-cv-00573-LRH-VPC, 2010 WL 2872718, at *8 (D. Nev. Jul. 19, 2010) *citing Walton v. Mental Health Ass'n*, 168 F.3d 661, 667 (3rd Cir. 1999) (applying Title VII hostile work environment to a claim stated under the ADA).

Plaintiff's Complaint uses the words hostile work environment on a number of occasions. ECF No. 2-1 ¶¶ 27, 28, 43. The totality of the factual allegations that could, at least potentially, support a hostile work environment claim include: one occasion on which "multiple coworkers" stated "I'm surprised you're still here" (*id*. ¶ 55); she was "stalked" by a male coworker (*id*. ¶ 61), and that on one occasion a male coworker told Plaintiff "that the next time she needed to pass him, she had to go beneath his legs. *Id*. ¶ 68.

First, the Court finds a review of Plaintiff's Complaint demonstrates there are no facts supporting a hostile work environment claim based on disability. This claim fails as currently alleged. Second, with respect to a sexually hostile work environment, there are two facts alleged— stalking stated as a conclusion and a single comment on one occasion by a male coworker regarding going under his legs. The Court finds these facts are insufficient to establish conduct sufficiently severe or pervasive enough to alter the conditions of Plaintiff's work environment such that it became a sexually abusive environment. At the risk of redundancy, Plaintiff's "stalking" allegations is, at best, vague. There is nothing in the many factual allegations raised that is reasonably related to or supports alleged stalking. *See* ECF No. 2-1 ¶¶ 1-107. Moreover, a single event involving a male coworker telling Plaintiff she would have to go under his legs to pass, while inappropriate, is insufficient to state a hostile work environment claim.

---

[3]    *See Warren v. Regus Management Group, LLC*, Case No. C 24-1320-TSZ, 2025 WL 871670, at *4 n.6 (W.D. Was. Mar. 20, 2025).

In sum, while Plaintiff does not currently plead sufficient facts to establish a hostile work environment claim, the Court finds she may be able to do so.  Accordingly, Plaintiff's hostile work environment claim is dismissed without prejudice and with leave to amend.

g.        Plaintiff's Wrongful Termination Claim.

The totality of the factual allegations offered by Plaintiff in support her wrongful termination claim include that she was terminated in violation of Nevada public policy protecting employees from retaliating for asserting their legal rights.  However, no claim lies for conduct that allegedly violated rights arising under Title VII, the ADA, or the Equal Pay Act.  "The Nevada Supreme Court has held that Nevada's public policy against impermissible discrimination cannot be vindicated through a tortious discharge public policy tort, but rather, must be pursued through statutory remedies."  *Herman v. United Broth. of Carpenters and Joiners of Am., Local Union No. 971*, 60 F.3d 1375, 1385 (9th Cir. 1995) (citing *Sands Regent v. Valgardson*, 777 P.2d 898, 900 (Nev. 1989).

Nevertheless, Plaintiff also alleges various events relating to her exercise of worker's compensation rights.  Only one of these allegations can be loosely tied to an adverse action.  ECF No. 2-1 ¶ 48 (Plaintiff filed a worker's compensation claim on September 1, 2024 for August 31, 2024 and an injury that occurred immediately *after she was written up ….*") (emphasis added); ¶ 60 ("Plaintiff files second worker's compensation claim on October 29, 2024"); ¶ 71 ("Plaintiff filed third workers compensation claim on April 5, 2025; claim immediately approved and closed."); ¶ 84 ("Plaintiff receives settlement for workers compensation claim on August 30, 2025"); ¶¶ 91-92 (Plaintiff filed a c-4 and c-1 form for workers compensation on October 25 and 27, 2025); and ¶ 94 ("Plaintiff believes that Defendant prevented the Plaintiff from filing for workers compensation for the incident on September 28, 2025 by removing her from property for approximately 30 days before terminating her.").  It is only the allegation in paragraph 94 of Plaintiff's Complaint that could, potentially, be read to state an adverse action taken for purposes of interfering with worker's compensation rights.  However, in a retaliatory discharge case in Nevada, "a plaintiff must demonstrate that his protected conduct was *the* proximate cause of his discharge."  *Allum v. Valley Bank of Nevada*, 970 P.2d 1062, 1066 (Nev. 1998).  Plaintiff "has the burden of proving, by a

preponderance of the evidence, a direct causal connection between [worker's compensation] and [his] termination." *Id.* at 1325.

Plaintiff's facts do not allow for a reasonable inference that "but for" the exercise of worker's compensation rights she would not have been disciplined or terminated. Plaintiff's single conclusory paragraph alleging she was prevented from filing a worker's compensation claim indicates the intent was to terminate her before she could do so—not because she was intending to do so. Accordingly, the Court finds Plaintiff does not state a wrongful termination claim under Nevada law.

**III.    Order**

Accordingly, and based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 2) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court must file Plaintiff's Complaint (ECF No. 2-1) on the docket.

IT IS FURTHER ORDERED that Plaintiff may proceed with her claims alleging sex discrimination under Title VII, failure to accommodate under the Americans with Disabilities Act, an Equal Pay Act violation, and retaliation.

IT IS FURTHER ORDERED that the Clerk of Court must send Plaintiff one USM-285 form, which she must complete, to the best of her ability to do so, and return **no later than March 20, 2026** to the following address:

> Gary G. Schofield
> U.S. Marshal, District of Nevada
> Lloyd D. George Federal Courthouse
> 333 Las Vegas Blvd. S., Suite 2058
> Las Vegas, Nevada 89101

Plaintiff is advised to check the Nevada Secretary of State Business Entity Search website for Wynn Las Vegas's registered agent upon whom service must be made. Plaintiff must provide that information to the U.S. Marshal Service.

IT IS FURTHER ORDERED that the Clerk of Court must issue a Summons for Wynn Las Vegas and deliver the same to the U.S. Marshal Service together with one copy of Plaintiff's Complaint (ECF No. 2-1) and a copy of this Order.

IT IS FURTHER ORDERED that the U.S. Marshal Service must attempt service of the Complaint, the Summons, and a copy of this Order on Wynn Las Vegas within twenty-one (21) days of receipt of Plaintiff's completed USM-285.

IT IS FURTHER ORDERED that Plaintiff's claims asserting violation of the Family and Medical Leave Act, hostile work environment, and wrongful termination under Nevada law are dismissed without prejudice and with leave to amend.

IT IS FURTHER ORDERED that if Plaintiff chooses to file an amended complaint, she **must** do so no later than **March 20, 2026**. The amended complaint **must** be titled "FIRST AMENDED COMPLAINT" and **must** include **all** claims Plaintiff seeks to assert **including** those that the Court has allowed to proceed in this Order. If Plaintiff fails to include a claim, even one that is currently allowed to proceed in her first amended complaint, that claim will no longer exist because the first amended complaint supersedes—supplants—Plaintiff's original Complaint as if the original Complaint never existed.

Plaintiff may choose **not** to file a first amended complaint. If Plaintiff does not file a first amended complaint, the original Complaint will be the operative Complaint and her case will proceed against Wynn Las Vegas on her sex discrimination, failure to accommodate, equal pay act, and retaliation claims.

Dated this 27th day of February, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE